No. 29,291.

THE VAN ARSDALE-OSBORNE BROKERAGE COMPANY, *Appellee*, v. WILLIAM STULL; MINOR STULL, and THE SECURITY ELEVATOR COMPANY, *Appellants*.

CONSOLIDATED WITH

THE VAN ARSDALE-OSBORNE BROKERAGE COMPANY, *Appellee*, v. EDGAR STULL, I. E. STULL; WILLIAM STULL, and THE SECURITY ELEVATOR COMPANY, *Appellants*.

(293 Pac. 523.)

Opinion filed December 6, 1930.

*H. O. Trinkle*, of Garden City, for the appellants.

*C. A. Matson, I. H. Stearns, E. P. Villepigue*, all of Wichita, *Lester Luther*, of Cimarron, *Edgar Foster* and *Horace J. Foster*, both of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This controversy arises out of the execution and delivery of two promissory notes given by William Stull, I. E. Stull and Minor Stull to the Van Arsdale-Osborne Brokerage Company, one for $1,070, payable September 1, 1927, and another for $260, payable at the same time, and with the notes were given security on the growing crop of wheat. The plaintiff prevailed, and the defendants appeal.

The notes, it appears, were given for hail insurance on a growing

crop of wheat. The policies provided that the insurance company should not be liable for any loss or damage to the crops where they had been injured or damaged from any other cause than hail, and so injured as to preclude a profit over and above the cost of harvesting, gathering and threshing and marketing the crop. The brokerage company negotiated the insurance and arranged to have it carried by the St. Paul Fire & Marine Insurance Company; the loss, if any, was to be paid by that company to the brokerage company, or the holder of the notes as the interest of parties might appear. The insurance was procured on April 21, 1927, a part of the crop, it appears, was slightly injured by hail about the 18th day of May, 1927, the loss was appraised at $130, and that amount was paid by indorsing the same upon one of the notes.

A number of defenses were set up by defendants, some of which are no longer material, but in the answers filed by defendants it is in substance admitted that the crop was injured by other causes than hail. It is alleged that a hailstorm occurred about June 1 and that the insurance company declined to pay any loss. The defendants further allege that as the insurance company was not liable for any loss after May 27, 1927, there was a partial failure of consideration, that is, to the extent of the proportion of the premiums of insurance for the time elapsing after May 27. They then allege that the insurance company had a general practice in that region to cancel policies of hail insurance on the request of the insured and to return premium notes given, or a part of them, where the crops had been so damaged by dry weather as to preclude a profit over and above the cost of harvesting and marketing the crops. It is further alleged that on the 11th day of June these defendants requested the plaintiffs and the insurance company, through their agents, to cancel defendants' policies for the above reason, but their request was refused. By reason of the existence of this practice and the refusal of the insurance company to make the rule uniform with that applied to others in the vicinity, these defendants were therefore charged a greater rate of insurance and the action of the insurance company was therefore a discrimination against the defendants and a violation of R. S. 40-467. Defendants insist that by reason of this discrimination the defendants are entitled to be relieved from a part of the obligation of the notes after May 27, 1927.

The two actions were consolidated in the trial court. Demurrers

by plaintiff to defendants' answer were first overruled. Some testimony was taken in the consolidated cases which is not preserved in the record. ·Afterwards a demurrer to the evidence was filed, which was sustained as to the Securities Elevator Company, which had been made a defendant, and that company went out of the case. The parties then consented that the court might reconsider the demurrers to the answers and thereupon the court upon a reconsideration sustained them, and as defendants elected to stand on these answers judgment was rendered against them.

Defendants rely on the antidiscrimination provision of the statutes, R. S. 40-467, and ask for a credit of at least a part of the premium which had' been paid for the insurance. Neither the contract of insurance nor the notes given in payment of premiums in any way recognizes partial or proportionate return of premiums in case of the destruction or injury of crops by drought or any cause other than by hail. ˙ The premiums were paid in advance by the notes given, and the written contract provided that there would be no liability of the insurance company if the crops insured were injured by any other cause than hail. The provision of that contract is not open to variation by testimony of subsequent statements or circumstances other than payment of the notes or an agreed cancellation of them. The payment of premiums was made in advance for possible losses of a designated kind, and if crops had not been injured by hail or from other causes defendants could not have insisted on a return of the premium or a part of it, because no loss was actually sustained. No more can they require the return of premiums where no loss was sustained on the risk insured against, and especially where it was specifically agreed that there should be no liability of the company for any damage not attributable to hail. As to the discrimination complained of, defendants base it under the provisions of the statute named. That is a provision with reference to fire insurance in the matter of fixing rates over which the superintendent of insurance is given control, and it provides that rates fixed shall be uniform and that no higher rate shall be charged to. or collected from one person than from another on like risks under similar circumstances and conditions. If there is discrimination by an insurance company, the superintendent may revoke the license of the company and of its agents. The superintendent is also given supervision and control over hail insurance companies, the same as it has over fire insurance (R. S. 40-474). It is not shown that the mat-

ter of rates or the discrimination complained of by defendants has been presented to the superintendent of insurance or that any general regulation made by that officer is applicable to the present case. Whether the action amounts to a discrimination between persons or communities is a matter of fact for the investigation and decision of the insurance department, and if discrimination is found it belongs to him to regulate the practices and apply the remedies prescribed by statute. But if for any reason defendants were entitled to a return of premiums because of so-called discriminations, they could not assert it in a case where the insurance company is charged with discrimination, and the party that must make the return of premiums has not been made a party to the action and has not been heard as to the charge relied on. The insurance contracts in question were made with that company. Its rates and practices are assailed, and whether they are unjust or improper cannot well be determined until it is in court and has had an opportunity to show that its rates are uniform and that its practices are nondiscriminatory.

The judgment is affirmed.